The Court refused to admit the account as evidence, because the certificate of probate did not follow the words of the Acts of Assembly of 1729, ch. 20, § 9, and 1785, ch. 46.
Cranch, J.,
considered the word “security” material, and that it meant, as in the gaming act, a note or other instrument by which the debt could be proved.
Kilty, C. J., doubting. Marshall, J., absent.
The declaration was “ for sundry matters properly chargeable in account, as by an account thereof herewith in court produced and filed.” The account was headed, “ Mrs. Anne Fenwick.” The defendant’s counsel objected to the account going in evidence to the jury, because it did not appear to be an account against the defendant, whose name is Mary Anne Fenwick, and not Anne Fenwick.
But the Court overruled the objection — the account being by reference made a part of the declaration.
The defendant proved by Doctor Gault that he was employed by Mrs. Fenwick, as the family physician, at a certain sum per annum, and that if he had been informed he should have considered himself bound to attend them. Voss had employed Rogers (having had no understanding with Mrs. Fenwick on the subject) to attend Mrs. Fenwick’s negroes whom he had hired of her. •
*137 The CouRT instructed the jury that if they should be of opinion that it was the general custom of the country, in the hiring of negroes, that the owner should pay for medicine and medical attendance, and that the defendant did not inform Voss that she had a family physician who was bound to attend to all her slaves, it was lawful for Voss to employ the plaintiff on the defendant’s account, to administer the necessary and proper medicine to such of the slaves as might require it.